Moster v. Moster.

Elizabeth Moster, Plaintiff in Error, *vs.* Abraham Moster, Defendant in Error.

1. *Divorce—Judgment—Entries nunc pro tunc.*—§ 10 of the statute touching Divorces (W. S., 535) does not prevent *nunc pro tunc* entries, at a subsequent term, of the actual judgment or order that was made in the case but incorrectly entered on the records.

*Error to Buchanan Common Pleas Court.*

*Fred T. Ledergerber,* for Plaintiff in Error.

*Vinton Pike,* for Defendant in Error.

Adams, Judge, delivered the opinion of the court.

This was an action for divorce.

The defendant filed an answer in the nature of a cross bill, also denying the allegations of plaintiff's petition.

At the December term, 1871, the cause was submitted to the court and tried, and resulted in favor of the defendant. A formal entry of judgment was made, giving the defendant a divorce. At the March term, 1872, the defendant applied to have the entry corrected by entering the judgment that had been really rendered, which was to dismiss the plaintiff's petition and discharge the defendant therefrom without decreeing a divorce in his favor. This entry was accordingly made. The plaintiff moved the court to set aside this action, and this motion was overruled. There is no Bill of Exceptions in the case. There is nothing before us to show upon what data the Common Pleas acted in ordering the entries at the March term, 1872. The entry was no doubt a *nunc pro tunc* entry of the original finding and judgment of the court. The clerk had made a clerical mistake in entering a decree divorcing the defendant, when no such decree had been made.

We must presume in the absence of anything to the contrary, that the minutes of the court or the judge's docket showed what the real decree was, and justified the *nunc pro tunc* entry in March, 1872.

The tenth section of the Divorce Law (W. S., 535) has no application here. It provides, that no final judgment or order rendered in a divorce shall be reversed, annulled or modified in

the Supreme or any other court by appeal, or writ of error, unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment rendered.

This section does not prevent *nunc pro tunc* entries, at subsequent terms, of the actual judgment or order that was made in a cause.

.Such entries are based upon the presumption, that a proper judgment was rendered and is in existence, but not set out on the record as it really exists.

It is the real judgment or order as it was made, though not properly spread on the record, that cannot be appealed from except during the term, and cannot. be touched by a writ of error after the lapse of sixty days. Judgment affirmed.

Judges Vories and Sherwood concur; Judges Napton and Wagner absent.