CASE 10—PETITION EQUITY—OCTOBER 19.

# Barth's Administrator, etc., v. Barth.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. DIVORCE—VOID MARRIAGE—PRACTICE IN CIVIL CASES.—Under the provisions of subsection 3, of section 2067 of the Kentucky Statutes, where either party to a marriage has a husband or wife living, from whom there has been no divorce, the marriage is void, and under section 2100 of the Kentucky Statutes a court of general equity jurisdiction may declare void a marriage obtained by force or fraud; therefore pending an action for divorce the plaintiff was properly permitted to file an amended petition alleging that the defendant at the time of their marriage represented herself to be an unmarried woman when in fact she then had a living husband from whom she had not been divorced, and pray to have the marriage declared void *ab initio*.

2. DIVORCE AND ALIMONY—REVIVOR OF ACTION—PRACTICE IN CIVIL CASES.—Where after the filing of such an amended petition seeking to have the marriage declared void *ab initio*, the plaintiff died, his administators and heirs should have been permitted to file an amended petition of revivor setting up the fact that the defendant in the divorce suit was asserting certain property rights in the decedent's estate as his widow and seeking to have it adjudged that the marriage was void *ab initio*, and that she had no property rights as widow or otherwise in the estate of the decedent.

3. DIVORCE AND ALIMONY—ATTORNEYS' FEES.—In an action for divorce by the husband, the wife is not entitled to attorneys' fees or any other costs where it appears from the undenied allegations of the pleadings that the wife had a husband living at the time of her marriage with the plaintiff, and, therefore, the marriage was void, *ab initio*.

BARNETT, MILLER & BARNETT FOR APPELLANTS.

1. The marriage of the appellee to the plaintiff, Geo. F. Barth on March 16, 1892, while her first husband, George Tannehill, was living and undivorced, was absolutely void. Kent's Commentaries, vol. 2, star page 79; Fenton v. Reed, 4 Johnson, 52 (4 Am. Dec., 244); Williamson v. Parisen, 1 Johns. Chan., 389; Jones v. Zoller, 25 Hun., 554; Webster v. Webster, 58 N. H., 4; Appleton v. Warner, 51 Barb., 372; Kenly v. Kenly, 2 Yeatès, 207; Glass v. Glass, 114 Mass., 66; Searle v. Price, 2 Hag. Con.,

Barth's Administrator, etc., v. Barth.

187; Bayard v. Morphew, 2 Philim., 321; Duins v. Donovan, 3 Hag., Acc., 309; Sellers v. Davis, 4 Yerg., 503; Jones v. State, 5 Black., 141; Young v. Naylor, Hill's Chy., 383; Zulie v. Zulie, Saxton (N. J.), 96; Martin v. Martin, 22 Ala., 86; Heffner v. Heffner, 23 Pa. St., 104; Spicer v. Spicer, 16 Abb. Pr. B. S., 112; Carmena v. Blaney, 16 Lou. Ann., 245; Mounier v. Coutejean La.), 12 So. Rep., 623; Catchings v. Williams, 5 Iredell's Law, 87 (44 Am. Dec., 49); Summerlin v. Livingston, 15 La. Ann., 519; Harrison v. Lincoln, 48 Me., 205; Miles v. Chilton, 1 Robertson, 684; Bird v. Bird, 1 Lee, 621; Smith v. Smith, 1 Tex., 621; Eve v. Rodgers, 40 N. E. Rep., 25 (late Indiana case); Ky. Stats., sec. 2097, also 2100, 2115.

2. The plaintiff, George Barth, having elected, by a verified pleading in his life time, to annul his marriage with the appellee, this action can be prosecuted by his personal representative and heirs at law.  Civil Code of Practice, sec. 501; Catchings v. Williams, 5 Iredell's Law, 87; Preston v. Grimes' Ex'or, 14 Ky. L. Rep., 810; Tomppert's Ex'r v. Tomppert, 13 Bush, 326.

3. This action also involves the property rights of the parties; and those questions having been raised by Geo. F. Barth in his life time, his personal representatives and heirs at law have the right to have those questions determined by a final judgment in this action.  The petition should not have been dismissed. Civil Code of Practice, secs. 424, 425; Ky. Stats., sec. 2122; Sanders v. Buskirk, 1 Dana, 412; Ky. Stats., sec. 10.

4. The personal representatives of the plaintiff may also prosecute this action for the purpose of declaring the marriage of the parties void—the marriage having been procured by the fraud of the appellee. Ky. Stats., sec. 2100; Tomppert's Ex'r v. Tomppert, 13 Bush, 329.

5. The marriage between George F. Barth and the appellee was absolutely void, as her former husband was then living and undivorced, and is now living.  As she was never his legal wife, the court erred in adjudging her attorneys a fee against his estate.  Ky. Stats., sec. 900.

At common law there was no legal obligation upon the husband to pay his wife's attorney's fee in an action brought by her for a divorce.  Williams v. Monroe, 18 B. M., 518.

KOHN, BAIRD & SPINDLE FOR APPELLEES.

1. An action of divorce does not survive the death of either party. Civil Code, sec. 500; Gaines v. Gaines, 9 B. Mon., 299.

2. When a suit is prosecuted for a divorce the wife is entitled to have taxed as costs, a reasonable attorney's fee, unless she is both in fault and has ample estate, and this right can be en-

forced in the divorce case after death of the husband. Ky. Stats., sec. 900; Ballard v. Caperton, 2 Met., 412; Williams v. Monroe, 18 B. Mon., 514; Whitney v. Whitney, 7 Bush, .520; Nikurk v. Nikurk, 3 Met., 432; Patterson v. Patterson, 13 Ky. Law Rep., 239; McMakin v. Wickliffe, 16 Ky. Law Rep., 240.

KINNEY, GREGORY & KINNEY ON SAME SIDE.

KOHN, BAIRD & SPINDLE IN PETITION FOR REHEARING AND MODIFICATION OF OPINION.

1. The original petition for divorce did not ask for the annulment of the marriage but for a divorce on the ground of drunkenness and the defendants' attorneys had no notice whatever of the facts which made the marriage void, and the husband thereby held himself out as being married, and the attorneys accepted the employment upon the idea that he would be responsible for their fees.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT. .

In June, 1894, George F. Barth filed his petition against appellee for divorce, a vinculo, on the ground of habitual drunkenness. Appellee filed answer, denying the allegations of the petition, and made it a counterclaim against plaintiff, and asking for a divorce and alimony, on the ground of cruel and inhuman treatment. On motion of the defendant the court ordered plaintiff to pay to the defendant's counsel, for her, the sum of $8 every week during the pendency of the suit as alimony and maintenance, and further ordered the plaintiff to turn over and deliver to defendant certain personal property, consisting largely of furniture, which was then in the possession of plaintiff, but which had been jointly used by the parties while they lived together as man and wife; the order further providing, however, that none of this property was to be sold or disposed of by defendant, but was to be held by her subject to the further orders of the court in the final determination of the suit.

In April, 1895, plaintiff filed an amended petition, in which he alleged that at the time of his marriage to the defendant she had represented herself to be an unmarried woman; that her first husband was dead; that he had been killed in a railroad accident, and that he so believed; but that he had just learned that at the time of his marriage to the defendant she had a husband, to whom she had been previously married, living, and that he was alive and undivorced at that date, and prayed the court to declare his marriage with the defendant null and void *ab initio*, and for proper and equitable relief, and he immediately proceeded to take depositions, which, if unexplained, conclusively establish the facts alleged in the amended petition.

Subsection 3, section 2097 of the Kentucky Statutes, expressly declares that a marriage where there is a husband or wife from whom a person marrying has not been divorced is void. Section 2100 of the Kentucky Statutes provides: "Courts having general equity jurisdiction may declare void a marriage obtained by force or fraud." There can be no doubt that the amended petition set up a good cause of action and that the court had, by express authority, power to grant the relief sought. The defendant never filed answer to this amended petition.

In May, 1895, the plaintiff died, and William E. Barth, his brother, having taken out letters of administration upon his estate, filed an amended petition, seeking to have the action to declare the marriage null and void revived and prosecuted in his name as administrator of deceased plaintiff, and in this amended petition the heirs at law of the decedent, who are his mother, brothers and sisters, united.

Defendant filed a general demurrer to this amended petition of revivor, which was sustained by the lower court, upon the ground that when plaintiff died the action abated and could not be revived or prosecuted by his personal representatives and heirs at law; that if any property rights of the personal representative or heirs at law of the deceased plaintiff should be threatened by defendant based upon her marriage with the deceased plaintiff, she could be restrained by direct proceeding in equity, and for the further reason that their supplemental amended petition did not aver any fact showing that the defendant claimed any right, based upon her marriage with the deceased plaintiff, and referred the case to the commissioner to fix an attorney's fee for the defendant's attorney, to be paid out of the decedent's estate.

Appellants thereupon tendered and offered to file a second amended and supplemental petition, in which they allege that in addition to the facts stated in their former amended petition, "defendant now claims and asserts that she was the lawful wife of George F. Barth at the time of his death, and she claims that she is his widow, and that as such widow she is entitled to dower and distributable share in the estate of George F. Barth; that she claims all the property rights aforesaid against the estate; that she has in her possession, and claims to own as widow of deceased, the household furniture which belonged to the deceased at his death, and which had been turned over to her for her use *pendente lite* in obedience to the order of the court in July, 1894; that she refused to surrender the property to either of the plaintiffs, though it had been demanded of her," and asking that she be required to return to the

plaintiff, as administrator, this personal property, and that she be enjoined from setting up or making any claim whatever to the property belonging to the estate of George F. Barth at the time of his death, and for all proper and equitable relief.

The court refused to permit this supplemental petition to be filed, and confirmed, against the exceptions and objections of appellants, the commissioner's report fixing the fees of appellee's attorney at $300, and dismissed the petition of plaintiffs. From that judgment this appeal is prosecuted.

If the state of facts set up in the amended petitions of revivor is true, no judgment of divorce was necessary, as the marriage was void from the beginning; but these amended petitions show that the marriage, the validity of which is called in question, was celebrated according to the forms of law, and was, therefore, *prima facie* a valid marriage, and the burden was upon decedent or his administrator to establish the facts alleged in order to relieve the estate of decedent from the claims of defendant arising out of and belonging to her as widow, and courts have always been open to the petition of a litigant to have such *prima facie* marriage declared void and to grant relief when the facts authorized it. There can be no question that deceased in his lifetime, upon discovering this additional ground of relief and defense against the counterclaim of defendant, had the right to petition the court, if the facts were true, to declare the marriage null and void and to relieve him and his estate from any further claim of the defendant, and for a restoration of the property which had been taken out of his posses-

sion by the court on the motion for maintenance and alimony, upon the theory that a valid marriage existed between the parties; and as the deceased had the right to set up these additional facts, it follows necessarily that this right survived to his administrator.

Section 501 of the Civil Code provides: "An order of revivor may be made on the motion of any party to the action, or of his representative or successor, suggesting the death or cessation of power, which, with the name and capacity of the representative or successor, shall be stated in the order. Or any party to the action, or his representative, may file in the action a petition against the other parties, stating facts necessary to authorize a revivor and prayer therefor, upon which summons may be issued and served or warning order be made under like restrictions and with like effect as if issued or made upon an original petition." The action which appellants sought to revive was to demand a restoration of the property which had been taken out of the possession of his decedent against his protest and delivered to the defendant, and also to have determined the validity of defendant's claim as widow to any portion of the estate of deceased.

It can not be contended that the amended petitions of revivor which the administrator and heirs sought to file was a departure from the relief sought by the amended petition filed by the decedent in his lifetime. The administrator and heirs had the right to have these important property rights determined, and this right of the administrator and heirs is in nowise dependent upon any action taken by decedent in his lifetime, as it is very properly said in the opinion of the

Barth's Administrator, etc., v. Barth.

chancellor "this was a void, and not a voidable marriage," and it did not require any election by decedent in his life-time to authorize them to seek the relief demanded.

There is no reason why these questions can not be litigated and determined in this suit. The parties are all before the court; the case has been partially prepared; the action now involves solely the determination of the property rights of the parties. Appellee has in her possession property of appellant which she holds under an order of the court, and it was the duty of the chancellor to pass upon the appellant's claim to have this personal property restored to them.

Whilst this court can not review questions of divorce, yet we have the right to review the case for other errors by which appellants may have been prejudiced.

Section 900 of the Kentucky Statutes provides: "In actions for alimony and divorce the husband shall pay the costs for each party, unless it shall be made to appear in the action that the wife is in fault and has ample estate to pay same." And this court has frequently held that these costs include a reasonable attorney's fee; but this statute applies to suits between husband and wife, and if, as alleged in this case, defendant had a husband living at the time of her marriage with decedent and the marriage with decedent was void *ab initio*, it is evident that she was in fault and not entitled to attorney's fee or any other costs.

We think the chancellor erred to the prejudice of appellants in sustaining the demurrer to the amended petition of revivor and in overruling their motion to file their supplemental amended petition, and for these reasons the judgment is reversed and the cau remanded for proceedings consistent herewith.