In the Matter of the Administration of the Estate of IRA L.
CRANDALL, Deceased.

NETTIE CRANDALL, Appellant; MILTON W. DAVISON et al.,
Respondents.

Action for divorce — effect of interlocutory judgment — when
    action abates by death of party before final judgment.

An interlocutory judgment in an action for divorce does not dissolve the
    marriage relation between the parties thereto, but contemplates and
    provides for a final judgment which shall accomplish that result.
An action of divorce is of a personal nature which in the absence of stat
    utory provision abates with the death of the party bringing it.  Section
    763 of the Code of Civil Procedure, providing for the entry of final
    judgment on the death of a party after interlocutory judgment, applies
    only to actions which do not abate by death.
Final judgment in an action for divorce is not a mere matter of form.  It
    is intended, by leaving the granting of this judgment under considera-
    tion and within the power of the court for the period of three months
    after the entry of interlocutory judgment, to prevent fraudulent and
    collusive judgments and speedy prearranged remarriages.
Where no application was made for final judgment within the time pre-
    scribed by law after entry of interlocutory judgment, and no sufficient
    explanation made of failure to do so, final judgment of divorce cannot be
    entered after the death of a plaintiff so as to take effect as of a date prior
    thereto.
Matter of Crandall, 127 App. Div. 945, reversed.

(Argued June 14, 1909; decided October 19, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 7, 1908, which affirmed a decree of the Yates County Surrogate's Court granting to the respondents herein letters of administration upon the estate of Ira L. Crandall, deceased.

The facts, so far as material, are stated in the opinion.

*E. W. Personius* for appellant. The "interlocutory judgment," so called, entered May 28, 1906, did not divorce Ira L. Crandall, deceased, from the appellant Nettie Crandall, nor in any way affect the status of the parties. (Code Civ. Pro. § 1774; *Petit* v. *Petit*, 45 Misc. Rep. 155; 105 App. Div. 312; *Chase* v. *Webster*, 168 Mass. 228; *Adams* v. *Adams*, 106 N. Y. Supp. 1064; *Cook* v. *Cook*, 144 Mass. 163; *Moors* v. *Moors*, 121 Mass. 232; *Pratt* v. *Pratt*, 157 Mass. 505.) On the death of Mr. Crandall, the plaintiff in the divorce action, that action abated; it thereupon became impossible to enter a final judgment or otherwise dissolve the marriage for there was no party to be divorced and no marriage to be dissolved. (*Kirschner* v. *Dietrich*, 110 Cal. 502; *Wilson* v. *Wilson*, 73 Mich. 620; *Millady* v. *Stein*, 19 Misc. Rep. 652; *Hopkins* v. *Hopkins*, 21 Wkly. Dig. 174; *Kellogg* v. *Stoddard*, 89 App. Div. 137; *Matter of Thrall*, 12 App. Div. 237; *Johns* v. *Johns*, 44 App. Div. 533; *Watson* v. *Watson*, 1 Hun, 267; *Stanhope* v. *Stanhope*, L. R. [11 Prob. Div.] 103; *Zoellner* v. *Zoellner*, 46 Mich. 511; *Swan* v. *Harrison*, 42 Tenn. 540; *Barney* v. *Barney*, 14 Iowa, 193.)

*Almon W. Burrell* for respondents. The final judgment was properly entered after the death of the plaintiff in the divorce action. (Code Civ. Pro. § 763; *Tuony* v. *Dunn*, 77 N. Y. 515; *Smith* v. *Lewis*, 1 Daly, 452; *Smith* v. *Joyce*, 11 Civ. Pro. R. 257; 25 Wkly. Dig. 106; 14 Daly, 73; 8 Abb. N. Y. Cyc. Dig. 455; *Hunt* v. *Hunt*, 72 N. Y. 217; *Scragg* v. *Scragg*, 18 N. Y. Supp. 487; *Jones* v. *Jones*, 108

N. Y. 415; *Cross* v. *Cross,* 101 N. Y. 628; 5 Abb. N. Y.
Cyc. Dig. 330, note 14; *Matter of Ensign,* 103 N. Y. 284.)
The action for divorce did not abate by the death of the
plaintiff, Ira Crandall, before final judgment was entered.
( *Wilkinson* v. *Parish,* 3 Paige, 653 ; *Wood* v. *Keyes,* 6 Paige,
478 ; *Vroom* v. *Ditmus,* 5 Paige, 528 ; *Campbell* v. *Mesier,*
4 Johns. Ch. 334; *Reed* v. *Butler,* 11 Abb. Pr. 128; *Gris-
wold* v. *Hill,* 1 Paine [U. S.], 483 ; *Perry* v. *Wilson,* 7
Mass. 393 ; *Burhans* v. *Burhans,* 10 Wend. 601 ; *Scranton*
v. *Baxter,* 3 Sandf. 660 ; *Kissam* v. *Hamilton,* 20 How. Pr.
369.)

HISCOCK, J.   The superficial question in this case is whether
the appellant, who was the wife of one Ira L. Crandall, is
entitled as widow to letters of administration on his estate,
the same thus far having been refused to her.   The under-
lying and interesting question is whether the marriage rela-
tion between him and her was so dissolved by a purported
judgment in an action for absolute divorce brought by
him that she is not his widow and is not entitled to such
letters.

The brief facts which give rise to these questions are as
follows :

The deceased having brought said action for divorce so
succeeded therein that on or about May 23, 1906, he obtained
the ordinary interlocutory judgment in his favor in accord-
ance with the provisions of section 1774 of the Code of Civil
Procedure as now framed.   He did not obtain or apply for a
further and final judgment within the prescribed period or
prior to his death, which occurred January 23, 1907, and there
is no explanation of his own failure to act.   Some consider-
able time after his death his attorney in the divorce action,
attempting to make his thinly veiled laches an excuse for the
delay, and without any substitution of parties in the place of
the deceased plaintiff or other steps for the revival of the
divorce action, if such proceedings were possible, obtained at

a Special Term of the Supreme Court an order that a final judgment in favor of said plaintiff against the appellant be allowed, and that "the same may be entered and shall stand and be of the same force and effect as though said Ira L. Crandall was alive, and the same had been granted and entered within the time prescribed by section 1774 of the Code of Civil Procedure," and subsequently a purported final judgment was entered in accordance therewith.

The learned Appellate Division has unanimously decided that this *post mortem* judgment was valid ; that it could be made to take effect as of a date prior to the plaintiff's decease and thus appear to work a dissolution of a marriage contract which at the time it was really entered had already been very effectually dissolved by death. While no opinion instructs us as to the course by which this conclusion was reached, we presume that it was based on the provisions of section 763 of the Code, to which further reference will be hereafter made. Whatever the basis for the conclusion, however, we are unable to adopt it.

We suppose that there will be no dispute concerning the proposition that the interlocutory judgment could not and did not even purport to dissolve the marriage relation between the parties to the action, but contemplated and provided for a final judgment which should accomplish that result. (Code, sec. 1774; *Pettit* v. *Pettit*, 105 App. Div. 312 ; *Cook* v. *Cook*, 144 Mass. 163.)

We also suppose that it will be conceded that an action for divorce is pre-eminently an action of a personal nature which in the absence of statutory provisions abates with the death of the party bringing it. While it has been held in some jurisdictions that a party defeated in a divorce action by a judgment and thereby deprived of property rights may prosecute an appeal after the death of the other party (*Thomas* v. *Thomas*, 57 Md. 504 ; *Nickerson* v. *Nickerson*, 34 Oregon, 1), it has never been held that an action like the present one may be prosecuted to judgment after the death of the plaintiff because incidentally it might take away property rights from

the other party, but the contrary has been held. (*Downer* v. *Howard*, 44 Wis. 82; *Danforth* v. *Danforth*, 111 Ill. 236.)

But, as we have assumed, section 763 of the Code of Civil Procedure under the circumstances is relied on to change this rule against the appellant. It provides : " If either party to an action dies after   *   *   *   an interlocutory judgment, but before final judgment is entered, the court must enter final judgment, in the names of the original parties ; unless   *   *   *   the interlocutory judgment, is set aside."

Examination of the subject, however, shows that if this section was held to apply to this case this was error. It is unnecessary to show by reference to the caption of the title in which the section is found and by reference to other related sections in the title in which it occurs, that such section applies only to actions which do not abate on death, because this construction has already been made authoritative by the decision of this court. (*Robinson* v. *Govers*, 65 Hun, 562; affirmed on this point, although reversed on other grounds, 138 N. Y. 425.)

It has, however, been further suggested on this appeal that even though the action of the deceased husband was not preserved by special statutory provisions, that result could and ought to be accomplished on other principles. As we understand the argument it is somewhat on the line that the interlocutory judgment really settled the rights of the parties in the divorce action, and that the final judgment followed as of course and by an automatic progression which should not be interrupted even by the death of the party who alone was entitled to it. We are not able to adopt this view either. It does not seem to us that the entry of the final judgment, especially under the circumstances presented to us, was automatic and of course. We all know that there was a very definite purpose in postponing the entry of final judgment in divorce actions for three months after the entry of the so-called interlocutory judgment. It was not a mere matter of form. It was intended to leave the granting of this final judgment for

that period under the consideration and within the power of the court, and thus to prevent those scandals of fraudulent and collusive judgments and of speedy and prearranged remarriages which had become too familiar to require further specification. So we find section 1774 providing with much particularity that "No final judgment annulling a marriage, or divorcing the parties * * * shall be entered, * * * until after the expiration of three months after the filing of the decision of the court or report of the referee;" also, that "such decision or report must be filed and interlocutory judgment thereon *must* be entered within *fifteen* days after the party becomes entitled to file or enter the same, and cannot be filed or entered after the expiration of said period of fifteen days unless by order of the court upon application and sufficient cause being shown for the delay;" also, that "The final judgment *must* be entered within thirty days after the expiration of said period of three months and cannot be entered after the expiration of such period of thirty days except by order of the court on application and sufficient cause being shown for the delay," and, finally, under any circumstances that its entry shall be subject to its being "by the court in the meantime * * * otherwise ordered."

Thus, if the plaintiff had applied within the proper and prescribed time for final judgment his application was subject to further consideration and denial by the court. But without any personal excuse for his delay and with only a very shadowy one made by his attorney after death, no application was made for final judgment within the time prescribed by law and, therefore, even if the application had occurred while plaintiff was alive, it was liable to be defeated by the refusal of the court to accept for his non-action some excuse which if not better than the one now presented by his attorney could very properly have been rejected as insufficient. And so it seems to us that the deceased by his own failure to observe the law, had placed himself before death in a position in which it certainly cannot be said that he was so entitled as of course to a final judgment that such final judg-

ment had become a mere formality and should be entered after his death and made to relate back.

A question largely similar to this was decided in *Chase* v. *Webster* (168 Mass. 228). In that state at the time of said decision the statute provided: " All decrees of divorce shall in the first instance be decrees *nisi*, to become absolute after the expiration of six months from the entry thereof, unless the court has for sufficient cause, on application of any party interested, otherwise ordered." The plaintiff had obtained a judgment *nisi*. Pending the expiration of the six months when absolute judgment might have been rendered he died, and it was held that the judgment *nisi* did not operate to dissolve the marriage and that " the death of either party before the decree has been made absolute, and before the time when it can be made absolute, puts an end to the suit; and thereafter the divorce cannot be made absolute, either by order of the court or by operation of " a specific statute of which the provisions were very much similar to those of section 763 of the Code already referred to.

Of course we do not overlook the fact that in the Massachusetts case the party died before the expiration of the period required to elapse before a judgment absolute could be rendered, but we do not think that such fact prevents said decision from being an authority in favor of the proposition that a judgment after death in a divorce action cannot be entered in favor of a party who had failed to take advantage of the provisions made for a final judgment in his behalf, and had placed himself in a position of default from which he could be relieved only for reasons satisfactory to the court. In one case the party at the time of death was not entitled to final judgment because the date thereof had not yet arrived; in the other case the party at the time of death was not entitled to final judgment because he had allowed the time to elapse within which he should have made application therefor. In neither case was the party at the time of death entitled to a judgment automatically and as a matter of course, and which supposed right is made the basis of the argument now

under consideration for sustaining the decision of the court below.

The order of the Appellate Division and the surrogate's decree should be reversed, with costs in all courts, and the proceedings remitted to the Surrogate's Court for further action in accordance herewith.

Cullen, Ch. J., Gray, Edward T. Bartlett, Werner and Willard Bartlett, JJ., concur; Chase, J., absent.

Ordered accordingly.