HENRY P. DUNHAM

*v.*

BERTHA FLORENCE DUNHAM.

[Decided December 16th, 1913.]

1. A pending divorce suit abates upon the death of either party, without surviving interest in anyone, and therefore it cannot be revived.

2. A decree *nisi* of divorce may not be made absolute, and the marriage between the parties cannot be dissolved, by a final decree made after the death of one or the other of them.

3. If a final decree of divorce be inadvertently entered after the death of either party to a suit for divorce, it will be vacated, set aside and for nothing holden.

4. That a divorce suit abated by the death of petitioner before entry of final decree, did not authorize the dismissal, on application of defendant, of the original petition for divorce.

---

On petition to vacate final decree of divorce.

*Messrs. James & Malcolm G. Buchanan,* for the defendant and present petitioner.

WALKER, CHANCELLOR.

This was a suit for divorce on the ground of the wife's adultery. She was personally served with process of citation, but failed to answer and defend, and the cause was referred to a special master to take proofs. The master reported and recommended the granting of a decree of divorce according to the prayer of the petition. On October 3d, 1912, a decree *nisi* was entered in which it was adjudged that the petitioner, Henry P. Dunham, and the defendant, Bertha Florence Dunham, "be divorced from the bond of matrimony for the cause aforesaid, and the said parties, and each of them, be freed and discharged from the obligations thereof, unless sufficient cause be shown to the court why this decree should not be made absolute, within six months from the date hereof."

On April 4th, 1913, no cause being shown or appearing to the contrary, a final decree of divorce was made and filed in the cause, which adjudged that the decree *nisi* be made absolute and that the parties, petitioner and defendant, be divorced from the bonds of matrimony and the marriage between them dissolved accordingly and each of them freed and discharged from the obligations thereof.

On November 28th, 1913, the defendant, by the name of Bertha Florence (Dunham) Myers, filed a petition herein in which she alleged that she is the wife of Allan O. Myers, having been married to him on November 2d, 1912; that previous thereto and until the death of Henry P. Dunham, the original petitioner

in this cause, she was his wife and the defendant in this cause. Her petition then recites the making of the decree *nisi* on October 3d, 1912, and avers that the next day, October 4th, 1912, the petitioner, Henry P. Dunham, died in the city and county of New York; that notwithstanding his death a final decree of divorce in his favor against her was entered in this court in this cause on April 4th, 1913. Her prayer is that the death of the original petitioner be suggested upon the record, the final decree of divorce vacated and the petition therefor dismissed. Annexed to her petition is a copy of the will of Henry. P. Dunham, filed and propounded for probate in the office of the surrogate of New York county, and proof of the death of Dunham on the date mentioned.

On filing the defendant's petition an order was made that the solicitor of the original petitioner, Henry P. Dunham, and also the persons named as executrix and executor of the paper-writing propounded for probate as the last will and testament of Dunham in New York, and also his heirs and next of kin, naming them, appear and show cause before the chancellor, on a day therein mentioned, why the prayer of the petition should not be granted. Service upon the respondents, in the manner directed by the order to show cause, was made, but on the return day none of the respondents appeared, except the late petitioner's solicitor, who (no longer representing his deceased client) suggested, *amicus curiæ,* that a final decree of divorce had relation back to the decree *nisi,* and cited *Prole* v. *Soady, L. R. 3 Ch. App. 220,* as authority.

It cannot be denied but that *Prole* v. *Soady, supra,* is an authority for the assertion that a final decree of divorce, following and based upon a decree *nisi,* when made, relates back to, and takes effect as and from, the date of the decree *nisi.* . But that case is no authority for entering a final decree of divorce after the death of one of the parties to the suit because of the fact that a decree *nisi* had been made during their joint lives. The adjudications which I have examined are all to the contrary. In the later English case of *Norman* v. *Villars, 2 Ex. Div. 359,* Lord-Justice Bret, referring to *Prole* v. *Soady,* remarked that

the decree relates back to the decree *nisi* only *when* the latter is made absolute.

In *Chase* v. *Webster, 46 N. E. Rep. 705*, it was held by the supreme judicial court of Massachusetts that a decree of divorce *nisi* does not dissolve the marriage and that the death of either party before it has been made absolute, and before the time when it can be made absolute, puts an end to the suit. *In the matter of Crandall, 196 N. Y. 127*, the New York court of appeal held that an interlocutory judgment for divorce does not dissolve the marriage but contemplates and provides for a final judgment which shall accomplish that result; that an action for divorce is of a personal nature which, in the absence of statutory provision, abates with the death of the party bringing it; that the provision for the entry of final judgment on the death of a party after interlocutory judgment provided in the code of civil procedure, applies only to actions which do not abate by death.

In *Hunt* v. *Hunt, 75 Misc. Rep. (N. Y.) 209*, the supreme court of that state held that an action for an absolute divorce is a personal one and abates upon the death of the plaintiff. In that case a motion to vacate a final judgment of divorce, and for a new trial upon the ground of newly-discovered evidence made by the defeated party after the death of the successful one, was denied for want of power and not in the exercise of discretion, the cause having abated by the death of one of the parties.

In *Bryon* v. *Bryon, 134 N. Y. App. Div. 320*, the court held that the provision of the New York code of civil procedure for the automatic entry of final judgment in the names of the original parties where one dies after the entry of an interlocutory judgment, applies exclusively to cases in which the cause of action survives; that an action for divorce does not survive the death of a party, and that if one dies after the entry of the interlocutory decree, the final decree thereafter entered is unwarranted, extra-judicial and ineffective; that nothing short of a final decree divorcing the parties deprives the wife of dower; an interlocutory judgment or proof of adultery is not sufficient.

The law in this state is different, and adultery on the part of the wife in certain cases at least will bar her dower. See the Dower act. *Comp. Stat. p. 2048 §§ 14, 15*.

It should be remarked that the original petitioner's solicitor did not move the court for the entry of the final decree in this case, and, therefore, no blame attaches to him ·in that respect. Although section 21 of the Divorce act of 1907 provides that a decree *nisi* shall become absolute after the expiration of six months from the entry thereof and that a final and absolute decree shall then be entered upon application to the court by the petitioner unless prior to that time cause be shown to the contrary, the practice was adopted, when the act went into effect, of entering final decrees of divorce at the expiration of six months after the entry of the decrees *nisi,* as though on motion therefor, because it was thought that the public interests would thereby better be conserved than to await application by solicitors, which, if tardily made, in some cases would embarrass clients, for, as is well known, the laity regard a decree *nisi* as becoming absolute at the end of six months and are generally unaware that the decree has to be confirmed and made absolute by the actual entry of a final decree.

One test as to the court's power to enter a final decree in a divorce case after the death of one of the parties, is this: Does the cause of action survive? If so, it must survive to some other party as a representative of the deceased, who could, by appropriate proceedings, cause it to be revived. Now, it is certain that every cause abates by the death of one or other of the parties, and that it can be further proceeded with only upon· revivor. And, certainly, in a divorce case the cause of action cannot survive to any third party. That it abates without surviving interest in anyone, and that, therefore, it cannot be revived, must be apparent when we consider that parties are married only until death do them part or their marriage be dissolved by a decree of divorce. If, therefore, a marriage be already dissolved by the death of one of the parties there is left no marriage relation or status of marriage upon which a decree of divorce could operate, and a pending divorce suit abates without surviving interest or right of revivor in anyone. This point was expressly decided by our court of errors and appeals in *Seibert* v. *Seibert, 86 Atl. Rep. 535.*

The final decree, improvidently entered in this case, will be vacated, set aside and for nothing holden.

The present petitioner also applies to dismiss her husband's petition for divorce, but cites no authority for such a step. As I understand it, when a suit abates the record remains as the parties made and left it. The application to dismiss the original petition for divorce will be denied.