## MARY A. TIKALSKY v. JOHN TIKALSKY.[1]

April 1, 1926.

No. 25,156.

**Judgment for divorce cannot be entered after death of either party, with one exception.**

1. A suit for divorce abates at the death of either party and judgment cannot thereafter be entered unless the complainant was entitled to have it entered while both parties were living.

**When such judgment may be entered nunc pro tunc after death of complainant.**

2. Where, in the lifetime of both parties, the court determined all the issues and made an order directing that judgment of divorce be entered, and nothing remained to be done except to enter the judgment in the judgment book, such judgment may be entered nunc pro tunc after the death of the complainant at the instance of those interested in his estate.

[1]Reported in 208 N. W. 180.

Abatement and Revival 1 C. J. p. 208 n. 98; p. 209 n. 3.
Divorce 19 C. J. p. 161 n. 38.

See notes in 20 L. R. A. 148; 3 A. L. R. 1421; 15 R. C. L. p. 626;
3 R. C. L. Supp. p. 477; 5 R. C. L. Supp. p. 845.

Action in the district court for Le Sueur county for a limited divorce and for maintenance, tried before Tifft, J., who denied the plaintiff relief and granted the defendant a divorce. Judgment was not entered for several years and in the meantime the defendant died. Afterwards a motion was made on the part of those interested for the entry of a judgment nunc pro tunc. The motion was granted and the judgment was entered. Plaintiff appeals from the judgment. Affirmed.

*Charles C. Kolars* and *Thomas Hessian*, for appellant.

*George F. Sullivan*, for respondent.

TAYLOR, C.

The plaintiff and defendant were married in January, 1919. Both had been previously married and were well along in years. In December, 1919, plaintiff brought this suit asking for a limited divorce from defendant and for an allowance for maintenance out of his property. Defendant interposed a cross-complaint asking for an absolute divorce from plaintiff. In July, 1920, the court made findings of fact to the effect that the charges made by plaintiff against defendant were not true and that the charges made by defendant against plaintiff were true, and that plaintiff had received certain sums from defendant and was not entitled to any further allowance of alimony out of his estate. Upon these findings, the court made the following conclusions of law and order for judgment:

"That plaintiff is not entitled to any relief in this action and that defendant is entitled to judgment adjudging and decreeing that the bonds of matrimony now and heretofore existing between plaintiff and defendant be forever dissolved and awarding to defendant an absolute divorce from plaintiff. Let judgment be entered herein accordingly."

Plaintiff made a motion for a new trial which was denied August 12, 1920. She served a notice of appeal, but failed to perfect the appeal and it was dismissed. Defendant died testate in June, 1924, and by his will gave his property to his children by a former marriage. Thereafter it was discovered that judgment had not been entered in the divorce suit, and in December, 1924, plaintiff filed in the probate court a claim to the share of defendant's estate given to a surviving wife by the laws of descent. In February, 1925, the special administrator of defendant's estate and the devisees under his will petitioned the district court to be substituted as defendants in the divorce suit and for the entry of judgment therein nunc pro tunc as of September 15, 1920. The court granted the petition and in June, 1925, judgment of divorce was entered as of the date of September 15, 1920. Plaintiff appealed from the judgment.

It is true, as claimed by plaintiff, that a suit for divorce abates at the death of either party as the marriage relation sought to be dissolved no longer exists. And it is also true that a judgment cannot thereafter be entered therein nunc pro tunc, unless the complainant was clearly entitled to have such judgment entered while both parties were living. Strickland v. Strickland, 80 Ark. 451, 97 S. W. 659; Estate of Seiler, 164 Cal. 181, 128 Pac. 334, Ann. Cas. 1914B, 1093; Danforth v. Danforth, 111 Ill. 236 (243); McCurley v. McCurley, 60 Md. 185, 45 Am. Rep. 717; Wilson v. Wilson, 73 Mich. 620, 41 N. W. 817; Heck v. Bailey, 204 Mich. 54, 169 N. W. 940; Kimball v. Kimball, 44 N. H. 122, 82 Am. Dec. 194; Dunham v. Dunham, 82 N. J. Eq. 395, 89 Atl. 281; Matter of Crandall, 196 N. Y. 127, 89 N. E. 578, 134 Am. St. 830, 17 Ann. Cas. 817, and note.

In some of the cases statements are made to the effect that no judgment can be entered after the death of one of the parties, as no decree of divorce can be granted after the marital status has been terminated by death, and other matters are involved only as incidental to such a decree.

Several courts, however, hold that where the trial court had determined the questions of fact and directed the entry of a judgment of divorce and the complainant was entitled to have it entered while both parties were living, it may be entered nunc pro tunc as of a

date within the lifetime of the deceased, at the instance of parties whose rights are affected thereby, for the purpose of determining and fixing property rights or legalizing proceedings taken in the belief that the parties were divorced. Zahorka v. Geith, 129 Wis. 498, 109 N. W. 552; In re Cook, 77 Cal. 220, 17 Pac. 923, 19 Pac. 431, 1 L. R. A. 567, 11 Am. St. 267; Id. 83 Cal. 415, 23 Pac. 392; Rush v. Rush, 97 Tenn. 279, 37 S. W. 13; Newton v. Newton, 166 Mich. 421, 132 N. W. 91; Barth's Admr. v. Barth, 102 Ky. 56, 42 S. W. 1116, 80 Am. St. 335; Kinney v. Tri-State Tel. Co. (Tex. Civ. App.) 201 S. W. 1180; 1 Freeman, Judg. (5 ed.) 255, § 135; 1 C. J. 208. See also Bell v. Bell, 181 U. S. 175, 21 Sup. Ct. 551, 45 L. ed. 804; Mock v. Chaney, 36 Colo. 60, 87 Pac. 538; Moster v. Moster, 53 Mo. 326; Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678; Craig v. Craig, 110 Kan. 13, 202 Pac. 594; Id. 112 Kan. 472, 212 Pac. 72.

The question is hardly an open one in this state for the view last stated was adopted by this court in Schneider v. Grimes, 156 Minn. 25, 193 N. W. 942. And although the question presented in Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786, was different from that here presented, it may be noted that that case held that a decree awarding alimony could be modified after the death of the defendant at the instance of the heirs.

In the present case the court had determined all the issues presented and directed that judgment divorcing the parties be entered. The judicial act was complete. All that remained to be done was for the clerk to enter the judgment in the judgment book as directed. Through the unexplained neglect of some one this was not done.

We are of opinion and hold that the court acted correctly in causing the judgment to be entered nunc pro tunc, and the judgment so entered is affirmed.