## Hammond v. Hammond.

*Divorce — Abatement of actions — Death of party — Jury trial — Practice, C. P.*

1. Where an action in divorce has been tried before a jury, resulting in a verdict, and either libellant or respondent dies while a motion for a new trial is pending, the action is abated, although property rights may be involved.

2. In such case, the respondent may suggest the death of the libellant and move the court to declare the action abated.

3. An action in divorce is not within the purview of section 5 of the Fiduciaries Act of June 7, 1917, P. L. 447, providing that an executor or administrator of a deceased party to a personal action may be substituted as plaintiff or defendant, and that no personal action shall abate by reason of the death of the plaintiff or the defendant.

Motion to declare action of divorce abated. C. P. Lawrence Co., June T., 1926, No. 81.

*S. P. Emery* and *John S. Powers,* for libellant.

*Chambers & Shumaker* and *E. F. G. Harper,* for respondent.

HILDEBRAND, P. J., Jan. 10, 1927.—This is an action in divorce in which libellant charged the respondent with cruel and barbarous treatment and indignities to the person. A jury trial was demanded, allowed and had. The jury on June 30, 1926, found in favor of the respondent. The libellant moved for a new trial, alleging errors in the court's charge. The motion was argued on Sept. 6, 1926, at which time it appeared the libellant, Charles W. Hammond, had died on Sept. 3, 1926.

On Oct. 25, 1926, the respondent filed a suggestion that the libellant had died Sept. 3, 1926, and that letters testamentary had been issued to Martha B. Cox, executrix, and moved the court to declare that the action had abated. To the rule issued on that motion the executrix appeared by attorney and accepted service thereof, the rule being returnable Nov. 3, 1926. No answer has been filed to the rule.

At the oral argument of the motion for a new trial and in the briefs submitted, counsel for the libellant contends that the action did not abate, for the reason that property rights are involved. It is conceded that no Pennsylvania authority can be found to support this position. Respondent argues that the primary object of a divorce being the severance of the marriage tie, and its effect on distribution of property being merely incidental, the action abates. The primary object having been effected by death, there is nothing left to be accomplished or to be effected by a decree in divorce. This position appears to be sustained by courts of other jurisdictions where a similar question was raised.

### Hammond v. Hammond.

The primary object of an action in divorce is merely personal. By it the libellant seeks to change the status existing between himself and the respondent as husband and wife. It is true that the distribution of property of the parties to the action is affected by the divorce. This effect, however, is merely incidental to the decree of divorce. A divorce cannot be decreed between parties where one of them has ceased to live.

In states where an interlocutory decree of divorce is required, it has been held that such decree does not dissolve the marriage, and where either party to the action dies before final decree, the action abates and final decree cannot be entered thereafter in the absence of an authorizing statute, and that the survivor's right to inherit from the deceased spouse is not affected in any way by the interlocutory decree: Seiler's Estate, 164 Calif. 181, 128 Pac. Repr. 334; Crandall's Estate, 196 N. Y. 127, 89 N. E. Repr. 578.

The latter case is also authority for the proposition that a general statutory provision, if either party to an action dies after an interlocutory judgment but before final judgment is entered, the court must enter final judgment in the name of the original parties unless the interlocutory judgment is set aside, does not apply to an action for divorce where one of the parties dies after decree *nisi*, such a statute being deemed to apply only to actions which do not abate on death.

In the English case, Stanhope *v.* Stanhope, the opinion of which case is given in a note in 82 American Decisions, 198, the libellant, who was the husband, obtained a decree *nisi* in his favor but died before the decree became absolute. The executor then applied to be substituted. The substitution was not allowed, the court holding that the action had abated. The reasoning of the several justices in that case is applicable here. Cotton, L. J., said, in answer to the suggestion that the decree might affect the title to the petitioner's personal property: "No doubt it might, but the object of petitioner's suit is not to obtain an alteration of rights of property by the decree, though the results may be to alter such rights. . . . It would be idle, after the death of the husband or wife, for the survivor to institute proceedings for a dissolution of the marriage, and it would be impossible for the personal representative of the one who died to proceed against the survivor for a dissolution, for the marriage is already put an end to by the death. . . . I am of the opinion that the present case does not come within the principle of revivor, for the only object of the suit being the dissolution of the marriage, there was no right which devolved on any one when the husband was dead." Bowen, L. J., said: "I am of the opinion that a man can no more be divorced after he is dead than he can be married or condemned to death. Marriage is the union of two lives which can be dissolved either by death or by process of law, but after it has been dissolved in one of those ways, you cannot dissolve it again; you cannot untie a knot which has already been untied." Fry, L. J., said: "It is physically and logically impossible for any decree to dissolve a tie which is already dissolved by nature—by act of God."

The question raised in this case is fully discussed in 1 Ruling Case Law, § 41, page 43, 9 Ruling Case Law, § 214, page 414, § 251, page 444, and many cases there cited which support the decisions heretofore mentioned.

Section 5 of the Fiduciaries Act of June 7, 1917, P. L. 447, provides that an executor or administrator of a deceased party to a personal action may be substituted as plaintiff or as defendant and that no personal action shall abate by reason of the death of the plaintiff or defendant. It is also provided by the same section that executors or administrators shall have power to commence and prosecute all personal actions which the decedent, whom they

Hammond v. Hammond.

represent, might have commenced and prosecuted, except actions for slander and for libel. To hold that this act applies to an action in divorce would be to hold that, not only could an executor or administrator of a deceased libellant prosecute to final judgment an action in divorce, but that the executor or administrator of any deceased married person might commence and prosecute such action. We decline to so hold, having concluded that the provisions of the act apply only to such personal actions as survive the death of the litigant, and that the right of action, though personal, in a divorce case, does not survive. Death has answered the prayer of libellant's petition, and the court being without jurisdiction to grant a divorce, the action has abated. Having reached this conclusion, there is no necessity for passing upon plaintiff's motion for a new trial.

Now, Jan. 10, 1927, the rule issued Oct. 25, 1926, upon the defendant's motion to declare the suit abated is made absolute and it is decreed that the action has abated.

From William McElwee, Jr., New Castle, Pa.