OLIVE CORNELL, Also Known as OLIVE M. IRWIN, Respondent, v. ELVEN J. CORNELL, Defendant, and CHARLOTTE McCABE, Appellant.

Third Department, August 13, 1959.

*Cogan & Cogan (John R. Davison of counsel), for appellant.*

*Bliss & Bouck (F. Walter Bliss and William D. Ferguson of counsel), for respondent.*

COON, J. Olive Cornell, the same person designated in this proceeding as Olive M. Irwin, obtained an interlocutory decree of divorce from her husband, Elven J. Cornell, in Albany County which was entered on January 30, 1915. No final decree was entered until September 26, 1958, when a final judgment was granted upon an ex parte application to be entered *nunc pro tunc*

" as of the 30th day of April, 1915 ". Olive Cornell married W. Hartwell Irwin on July 30, 1930, in Connecticut, and lived with him as man and wife until his death. Her first husband, Elven J. Cornell (defendant in the divorce action), died in 1938. W. Hartwell Irvin died April 9, 1956, leaving only certain dower rights to Olive M. Irwin, and made Charlotte McCabe, intervenor-appellant, his residuary legatee. Olive M. Irwin filed a " widow's election " to take her intestate share. Intervenor-appellant, contending that Olive M. Irwin is not the legal widow of W. Hartwell Irwin, moved to set aside the *nunc pro tunc* order of September 26, 1958, and from the denial of such motion the intervenor-appellant appeals to this court.

Only the very narrow issue of whether the Special Term had the legal power to grant the *nunc pro tunc* final decree is presented. We may not consider the " equities " of the situation or the merits of the testamentary disposition.

Intervenor-appellant contends that the final decree is invalid because it purports to dissolve a marriage which had already been dissolved by the death of the defendant Elven J. Cornell, and because application for final judgment was not made within 30 days after the expiration of three months from the time of the entry of the interlocutory judgment.

We are constrained to hold that intervenor-appellant is legally correct in both contentions upon the authority of *Matter of Crandall* (196 N. Y. 127), a leading case on the precise subject which this appeal presents. There seems to be no material distinction between the *Crandall* case and the case at bar. The *Crandall* case clearly holds that a divorce action abates upon the death of one spouse who is a party to the action, even after interlocutory judgment.

The brief of respondent Irwin suggests that perhaps the *Crandall* case should not be followed because it is 50 years old. It must be remembered that the interlocutory decree of divorce here attempted to be made final is 44 years old, and the relevant statutory provisions were precisely the same in 1915 as they were in 1909 when the *Crandall* case was decided. Both parties agree that the law in effect when the interlocutory decree was entered is applicable here. Without that concession it is clear that matrimonial actions arise out of and are controlled by statutory provisions, and a statutory provision subsequently passed cannot be applied to an earlier divorce action. (*Merrick* v. *Merrick*, 266 N. Y. 120.)

As we read the *Crandall* case the court considered section 1774 of the Code of Civil Procedure, containing exactly the same language as it did in 1915, as requiring formal application to the

court for final judgment despite the words " as of course " contained therein. It was not until 1919 (L. 1919, ch. 277) that the Legislature, apparently recognizing that theretofore an application for final judgment had to be made to the court, amended section 1774 so as to provide for " automatic " or " ministerial " entry of final judgment under certain circumstances. Of course, the section as amended in 1919 has no application to a divorce granted in 1915 in any event, but the amendment itself provides: " This act shall take effect September first, nineteen hundred and nineteen, but shall not affect any interlocutory judgment entered prior to such date, and final judgment shall be entered thereon subject to the provisions of section seventeen hundred and seventy-four of the code of civil procedure in the same manner as if this act had not been passed."

The authority of the *Crandall* case and the conclusions to be drawn therefrom have been recognized by text writers (Freeman, Judgments [5th ed.], § 135, p. 254; Grossman, New York Law of Domestic Relations, § 536, p. 382) and by the Judicial Council (Twelfth Annual Report N. Y. Judicial Council, 1946, p. 238).

Under the circumstances presented here the entry of final judgment was not a ministerial or clerical act, and the final judgment should not have been granted *nunc pro tunc* nearly 43 years after the entry of the interlocutory judgment and after the death of one of the parties.

The order should be reversed and the motion granted, without costs.

Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

Order reversed and the motion granted, without costs.