**In re the MARRIAGE OF Erwin Harold RETTKE, petitioner.**

**Estate of Erwin Harold Rettke, Appellant,**

v.

**Wilma Darlene Rettke, f/k/a Wilma Darlene Krueger, Respondent.**

**No. A04–1507.**

Court of Appeals of Minnesota.

June 7, 2005.

Douglas R. Peterson, Jane F. Godfrey, Mary E. Schwind, Leonard, Street and Deinard, Mankato, MN, for estate of petitioner.

Laura L. Myslis, Gislason & Hunter LLP, Minnetonka, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; KALITOWSKI, Judge; and MINGE, Judge.

## OPINION

RANDALL, Judge.

Decedent husband started a dissolution action. The parties signed a mediated property settlement agreement. It did not become part of a marital termination agreement (MTA) to present to the court. The husband signed it, but the wife never did. Then the husband died before the dissolution action went to court. Before a personal representative was appointed, respondent wife moved in district court to enforce the "property settlement" agreement. The district court took jurisdiction and entered a judgment purporting to enforce the mediated property settlement. Later, after appointment, appellant, the personal representative for the estate, moved to vacate the judgment. The court denied the motion. Appellant moves to reverse and remand, arguing that (1) the district court should not have exercised jurisdiction because the husband had died and the personal representative had not yet been appointed and (2) the estate and those with an interest in the property were denied due process because they did not receive notice of the hearing on the motion to enforce the property settlement. Respondent contends that the order denying the motion to vacate is not appealable. We reverse.

## FACTS

Decedent husband Erwin Rettke commenced this dissolution action in March 2001. On December 3, 2002, husband and

respondent Wilma Rettke (Rettke) and their counsel signed a notarized and acknowledged mediated settlement agreement dividing much of their real property and financial assets (property settlement). It is clear the mediated settlement agreement was negotiated and signed contemplating that the end result would be a full and final dissolution. A marriage-termination agreement incorporating the mediated settlement was then drafted and signed by husband and his attorney. Since that marital termination agreement included provisions in addition to those in the mediated settlement agreement, Rettke and her attorney never signed it. Several provisions of the marital termination agreement, apparently based on the mediated settlement agreement, included minor modifications of the provisions agreed to in the mediated settlement agreement. The husband died on February 10, 2004, before the dissolution was finalized.

Some two weeks after the husband died, attorney Garry Barnett filed a certificate of representation, purporting to represent the husband. In March 2004, Rettke, giving notice to attorney Barnett, moved the district court for an order requesting the division and distribution of the real and personal property addressed by the mediated settlement agreement in the manner set out in that agreement. Attorney Barnett moved for dissolution of the marriage nunc pro tunc. No personal representative for husband's estate had yet been appointed.

At the April 6, 2004, hearing, the district court noted that attorney Barnett was representing the deceased husband. Attorney Barnett stated that he was also arguing on behalf of husband's other heirs. He said that both parties had applied for appointment of a personal representative, and that once that occurred, the remaining property issues not resolved in the property settlement agreement could be finalized. Rettke's counsel questioned whether attorney Barnett actually represented the deceased husband or one of the Rettkes' sons.

On June 16, 2004, the district court entered judgment, enforcing the provisions of the mediated property settlement between the parties and denying attorney Barnett's motion for an order dissolving the parties' marriage nunc pro tunc. On June 21, 2004, the probate court appointed appellant Valley Bank & Trust as personal representative of the husband's estate. On August 12, 2004, Valley Bank moved for vacation of the June 16, 2004, judgment. The district court denied the motion, and Valley Bank appealed.

## ISSUES

I. Is the August 12, 2004, order denying the personal representative's motion to vacate the judgment reviewable?

II. Did the district court err in entering judgment on a mediated property settlement in a dissolution matter where the petitioner husband was deceased, a personal representative for the estate had not yet been substituted, the dissolution was still pending, and no marital-termination agreement had been signed and officially approved by the district court?

III. Was decedent husband's estate denied due process because it did not receive notice of the hearing on the motion to enforce the property settlement?

## ANALYSIS

### I.

### Jurisdiction

Valley Bank & Trust appealed from the June 16, 2004, judgment and the August 12, 2004, order denying Valley Bank's motion to vacate the June 16, 2004, judgment.

The June 16 judgment purported to incorporate the mediated property settlement negotiated between the Rettkes while both were still alive. This court ruled in a special term order that the June 16, 2004, judgment was final and appealable, but did not address whether the August 12, 2004, order denying the motion to vacate was appealable. Rettke contends that the latter order is not appealable.

■ Generally, the denial of a motion to vacate a final judgment is not appealable and, instead, only the original judgment is appealable. *Angelos v. Angelos*, 367 N.W.2d 518, 519 (Minn.1985). But when an appeal is properly taken from the underlying judgment under Minn. R. Civ. App. P. 103.04, the appellate court has discretion to review a subsequent, nonappealable order denying a motion to vacate. *Bush Terrace Homeowners Ass'n, Inc. v. Ridgeway*, 437 N.W.2d 765, 770 (Minn. App.1989), *review denied* (Minn. June 9, 1989). Further, if the person bringing the motion to vacate was not a party to the dissolution, and if the decision affected that person's property interests, an appeal from the denial of a motion to vacate may be the only way in which the argument may be presented for appellate review. *Sammons v. Sammons*, 642 N.W.2d 450, 455–56 (Minn.App.2002). While Rettke contends *Sammons* is not applicable, we need not reach that argument because this court may review the denial of the motion to vacate under *Bush Terrace*, 437 N.W.2d at 770. On these set of facts, equity demands appellate review.

## II.

### Abatement

■ Valley Bank argues that the district court should not have exercised jurisdiction to enter judgment enforcing the property settlement after husband had died and before a personal representative had been appointed to represent husband's estate and substituted as a party, and it seeks reversal and remand. We agree. On this set of facts, the district court lacked jurisdiction and judgment should not have been entered.

■ When a party to a marriage that has not been dissolved dies, the marriage relation "no longer exists" and, as a result, any then-pending dissolution proceeding abates. *Tikalsky v. Tikalsky*, 166 Minn. 468, 470, 208 N.W. 180, 180 (1926). Alternatively stated, you can't "divorce a dead person." The question here is whether appellant is entitled to have judgment entered on the mediated property settlement that was negotiated while husband was alive.

■ A party to a marriage terminated by the death of a spouse is entitled to have judgment entered dividing marital property if the judicial act *is complete* and "[a]ll that remain[s] to be done [is] for the clerk to enter the judgment in the judgment book as directed." *Id.*, 166 Minn. at 471, 208 N.W. at 181. Thus, before a person who entered a mediated property settlement can successfully argue that, under *Tikalsky*, she is "clearly entitled" to have judgment entered on that agreement, that agreement must be approved by both the person's spouse *and the district court*. We do not have that set of facts here. There was no marital termination agreement and, most importantly, the district court had not seen or approved any agreement the parties may have entered.

■ In a dissolution proceeding, a district court has "a duty to protect the interests of both parties and all the citizens of the state to ensure that the stipulation is fair and reasonable to all." *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn. 1989). Thus, in deciding whether to ap-

prove a stipulation agreed to by married persons, a district court must exercise its independent judgment to determine whether a stipulation is, on the facts of the case in question, appropriate. In doing so, the district court "ha[s] the authority to refuse to accept the terms of the stipulation in part or *in toto.*" *Id.; see Toughill v. Toughill,* 609 N.W.2d 634, 639 n. 1 (Minn.App.2000) (noting that "while a district court may reject all or part of a stipulation, generally, it cannot, by judicial fiat, impose conditions on the parties to which they did not stipulate and thereby deprive the parties of their 'day in court' "). For this reason, what the parties talked about while both were living, and incorporated into a private settlement agreement, is not "self-executing." A district court needed to approve the parties' proposed settlement. That did not happen in this case.

Here, when husband died, the parties had entered into a mediated property settlement, but that was all. Wilma Rettke has not signed the marital-termination agreement, the district court had not examined, it, approved it, and incorporated it into a dissolution judgment. The dissolution was not close to being finalized before husband's death. Not even the jurisdictional prerequisites for entry of a (default) dissolution judgment had been "proved up." After the death of her husband, Rettke, the surviving wife, quickly sought the benefit of the property settlement. She wanted the benefit of the marital-property settlement as if there had been a full and final dissolution, and now also wants to proceed in probate court as her husband's heir, which may give her a "windfall" as any surviving spouse can take under the will or "against it." Minn. Stat. § 524.2–202(a) (2004) (describing surviving spouse's right to take elective share of augmented estate). Certain of husband's children believe that Rettke should be restricted to recovering a share of husband's property only as a surviving spouse. They argue, logically and correctly, that she cannot both take a share from the mediated dissolution settlement as if the dissolution had gone through, and also take advantage of the fact that when husband died, since the dissolution had not been finalized, she was in all respects a bona fide heir, a surviving spouse.

■ Once a dissolution judgment *has been entered,* a district court may have jurisdiction to hear and determine a motion for an executor to be substituted as a party in a dissolution action and to interpret and clarify an ambiguous judgment relating to a property settlement upon proper appointment of the executor. *Stieler v. Stieler,* 244 Minn. 312, 318, 70 N.W.2d 127, 131 (1955). Here, unlike Stieler, judgment had not been entered on the dissolution before husband died. Since the settlement had never been incorporated into a signed marital-termination agreement and had never been approved and entered into a final dissolution judgment by the district court, once husband died, this dissolution proceeding was (permanently) over. The district court erroneously heard motions as part of the pending dissolution action, ruled on them, and entered judgment on the property settlement. Judgment should not have been entered. Further proceedings will occur under the probate code.

### III.

### Notice

Valley Bank next contends that where decedent husband's estate and those with an interest in husband's estate did not receive notice of the hearing on the motion to enforce the property settlement resulting in the June 16, 2004 judgment and had no opportunity to be heard, they were

denied due process and the judgment should also be vacated for that reason. In light of our decision above, it is not necessary to reach this issue.

### DECISION

This court may review the order denying the motion to vacate. The dissolution action abated upon husband's death. The judgment purporting to enforce a mediated property settlement that had never been incorporated into a finalized dissolution action has no effect; it is void.

**Reversed.**