COLIA MARKOWITZ, petitioner,

*v.*

SAMUEL MARKOWITZ, defendant.

[Decided October 31st, 1922.]

A decree *nisi* of divorce or nullity of marriage cannot be made or entered *nunc pro tunc*, but must be dated in the body and filed and docketed on the same day and at the same time, to the end that the time provided by the statute (*P. L. 1907 p. 474 § 20*) for appeal or showing cause why it should not be made absolute after the *entry* thereof, shall neither be abridged nor abolished.

---

On petition, &c.   On application to enter decree *nisi nunc pro tunc.*

*Mr. Aquilla N. Venino,* for the motion.

WALKER, CHANCELLOR.

This is a litigated divorce case heard before one of the vice-chancellors.   The cause was tried in November, 1921, and at the conclusion of the hearing the vice-chancellor announced that he would advise a decree of divorce for the petitioner. The Divorce act (*P. L. 1907 p. 474 § 20*) provides that if after hearing the court shall be of opinion that the petitioner is entitled to a decree of divorce or nullity of marriage, a decree *nisi* shall be entered.   Shortly after the hearing counsel for petitioner sent the vice-chancellor a draft of a decree *nisi.*   This the vice-chancellor declined to sign because it contained matter not within his decision, and so wrote the solicitor, who, believing that the vice-chancellor had signed the decree, eliminating the matter objectionable to him, and that it had been entered—that is, filed and docketed, discovered after the lapse of more than six months from the time he had forwarded the decree to the vice-chancellor, that it had not been filed.

Counsel for petitioner moves that a decree *nisi* may now be filed *nunc pro tunc* as of a date more than six months ago (time of hearing), and that immediately thereupon a final decree may be entered. This cannot be done.

Section 21 of the Divorce act, *supra,* provides that a decree *nisi* shall become absolute after the expiration of six months from the *entry* thereof, unless appealed from, or proceedings for review are pending, or the court for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of six months such final or absolute decree shall then be *entered* upon application to the court by the petitioner, unless prior to that time cause be shown to the contrary. No decree *nisi* has been entered in this cause.

The present Divorce act went into effect during the incumbency of Chancellor Pitney, and he promulgated a rule of practice (unwritten) that a decree *nisi* of divorce or nullity should be dated in the body thereof on the same date and at the same time when the decree was actually filed and docketed by the clerk, so that no part of the six months allowed by statute for appeal or objection should be curtailed. And this is obviously correct practice. It is unfortunate for the petitioner in this case that by inadvertence and mistake a decree *nisi* was not made, filed and docketed at or about the time the vice-chancellor's decision was rendered, which was nearly a year ago; but this hardship cannot be relieved against in the situation in which the legislature has placed this proceeding. It is because the entry of a decree *nisi nunc pro tunc* would abridge or abolish the time wherein an appeal could be taken, or objection urged, to the making absolute of such decree, accordingly as it might be dated back less or more than six months before its entry, and thereby nullify *pro tanto* or *in toto* the provision for time in the statute just adverted to, that a decree *nisi* cannot be made and entered *nunc pro tunc.*

Let a decree *nisi* be entered as of present time.