MARTHA FEYBUSCH, petitioner-appellant,

*v.*

MARTIN FEYBUSCH, defendant-respondent.

[Submitted February 11th, 1932. Decided May 16th, 1932.]

*Mr. Charles W. Stover,* for the appellant.

The opinion of the court was delivered by

TRENCHARD, J.

This is the wife's appeal from a decree of the court of chancery dismissing her petition, filed December 23d, 1930, for divorce from the bonds of matrimony for the cause of extreme cruelty of her husband.

The husband filed no answer and the case was brought on *ex parte* before a special master who recommended a divorce. The court of chancery, however, on the advice of the advisory master, dismissed the petition.

We think the special master was right, and the advisory master wrong, and that the divorce should have been granted. The wife's petition averred in effect, and she proved, and the special master found, that the parties were married on September 4th, 1916; that three children were born of the marriage; that on July 5th, 1927, the parties separated because of persistent and false charges of infidelity made by the husband against the wife, sometimes accompanied by beatings; that when they separated the children went with the wife; that on May 15th, 1928, the husband established his residence in Hoboken in this state, where he has ever since continuously resided; that upon several occasions in the summer of 1928, during interviews between the husband and wife concerning the custody and welfare of the children, sometimes sought by the husband and sometimes by the wife, sometimes in New Jersey and sometimes in New York, the husband repeated such false charges of adultery against the wife, using vile and indecent language in the presence of the half-grown children; that still later, on October 16th, 1928, the husband, in a divorce proceeding which he began in New York, charged his wife with adultery, which suit was dismissed by the court because the charge was not substantiated, and that was the last act of cruelty alleged in the wife's petition.

It is quite evident from the proofs that all of these persistent charges of adultery were falsely and maliciously made, without any reasonable cause for suspecting the wife's fidelity, and that they caused her anguish and pain. There is no suggestion—not even the slightest—that they were true. It is also quite evident that the wife's proofs present a clear case of extreme cruelty justifying a divorce, for it was sufficiently corroborated. It is not suggested that there was any lack of substantial and legal corroboration of the wife's testimony upon which her right to divorce rests.

Where, as here, the testimony of the petitioner makes out a case of extreme cruelty, the rule of corroboration only requires that belief in its truthfulness must find support in the testimony of others, or of surrounding established circum-

stances. If, as here, certain acts of cruelty are corroborated, it is fair to assume that the uncontradicted testimony of the petitioner of other acts of cruelty, for which corroboration is lacking, is true. *Wines* v. *Wines, 97 N. J. Eq. 55.* The testimony given on behalf of the wife was uncontradicted, even though the husband was present at the hearing when the testimony was given.

The advisory master mistakenly, as we think, regarded the case as turning solely upon the charge of adultery made by the husband in his suit for divorce instituted in New York, which was the last act of cruelty complained of in the petition. In concluding his opinion the advisory master says: "I feel that the defendant was within his rights in instituting his suit against his wife in New York, and I fail to see how by any stretch of the imagination, his conduct therein can be construed as extreme cruelty, within the meaning of our statute, consequently, I cannot join in the recommendation of the special master. A decree of dismissal will be entered." No other reason was stated, or even suggested, for refusing the divorce.

We think the true rule governing this phase of the case is this: False and malicious charges of adultery, couched in vile and indecent language, persistently made to and against the wife by her husband, in the presence of their half-grown children, causing her anguish and pain, when made without any reasonable cause for suspecting the wife's fidelity, will justify a decree of divorce upon the ground of extreme cruelty (*Barton* v. *Barton, 97 N. J. Eq. 404*), particularly where, as here, there is proof that such charges were accompanied by actual physical violence, and even though the last one of the many such false and malicious charges was made in a divorce proceeding brought by the husband against the wife. *9 Am. & Eng. Encyc. L.* (*2d ed.*) *799* and cases cited.

The application of this rule to the evidence demonstrates that the decree dismissing the petition was wrong, and it will be reversed, with directions to award a decree *nisi* of divorce. Since, because of the view which he took, the opinion of the advisory master does not deal with the recommendations of

the special master respecting the custody and maintenance of the children and the alimony of the wife, the record will be remitted to the court of chancery for further proceedings not inconsistent with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   14.