A petition was filed by the husband for divorce on the ground of desertion, and a counter-claim by the wife praying for divorce on the ground of adultery. The case was heard by an advisory master, and a decree dismissing both the petition and the counter-claim was made.
An appeal was taken to the court of errors and appeals on behalf of the wife, who alleged the adultery which was decided against her in the court of chancery, and the court of errors and appeals reversed that part of the decree of the court of chancery which dismissed the counter-claim of the wife on that ground; and a remittitur was entered accordingly.
The Divorce act (P.L. 1907 p. 474 § 20) provides that if after the hearing of any cause, or after a jury trial, resulting in a verdict for the plaintiff, the court shall be of opinion that the plaintiff is entitled to a decree annulling the marriage, or a decree for divorce from the bonds of matrimony, a decree nisi shall be entered. This applies equally to a defendant cross-petitioner, who becomes practically a complainant by filing affirmative pleadings praying for relief, such as prayer for divorce for adultery. And § 21 of the Divorce act, as amended (P.L. 1927 p. 115), provides that a decree nisi
shall become absolute after the expiration of three months from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of three months such final and absolute decree shall then be entered upon application to the court by the petitioner (or cross-petitioner), unless prior to that time cause be shown to the contrary. Appeals shall be taken only from the decree nisi and not from the final decree, and shall be taken within three months from the filing of the decreenisi. *Page 93 
It is suggested that a decree nisi be now entered nunc protunc, so that the final decree will adjudge it; if that were done the time for filing a decree nisi would commence to run and at once cease to run, and the non-appealing parties be cut out, so that no one would have the power to stay the final decree for any cause. No decree nisi has ever been entered in any stage of the case. The statute does not say that cause may be shown against the decree becoming absolute by the defendant to that cross-petition alone, but distinctly describes other persons who are capable of objecting to the decree nisi. It says, as already quoted: "A decree nisi shall become absolute after the expiration of three months from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whetherinterested or not, otherwise orders." So we see the defendant, or any other person, whether interested or not, may show cause to the contrary.
This question of not filing a decree nisi nunc pro tunc has already been decided. In Markowitz v. Markowitz, 94 N.J. Eq. 23,
it was held: "A decree nisi of divorce or nullity of marriage cannot be made or entered nunc pro tunc but must be dated in the body and filed and docketed on the same day and at the same time, to the end that the time provided by the statute (P.L. 1907 p. 474 § 21, now amended) for appeal or showing cause why it should not be made absolute after the entry thereof, shall neither be abridged nor abolished." And in Vogler v.Vogler, 98 N.J. Eq. 421, "while a decree nisi of divorce (or nullity of marriage) may not be entered nunc pro tunc, yet a final decree in a proper cause may be so entered."
The time for showing cause by parties other than the defendant will have to run before a final decree of divorce can be entered. Otherwise, all parties save the defendant would be foreclosed of a right which they were intended by the statute to have, and must still have to validate the proceedings.
Let a decree be entered reversing the original decree of *Page 94 
dismissal of defendant's counter-claim; and let a decree nisi
be now entered in favor of defendant on her counter-claim. Upon its expiration, if sufficient cause has not been shown to the court why the decree should not be made absolute, by any person, whether interested or not (appeal having already been taken and decided as to the petitioner and defendant, who have had their day in court), then let a decree absolute of divorce for the defendant on the ground of adultery be made and filed. Practically the same thing was done in Feybusch v. Feybusch,110 N.J. Eq. 358.
Let a decree nisi herein be entered accordingly.