EVERHART ET AL. *v.* COOPER ET AL.

[No. 15,210.   Filed March 30, 1936.]

*Francis A. Shaw,* for appellants.

*O'Neill & Bales,* for appellees.

DUDINE, J.—On March 13, 1930, Aletha Elva Cooper filed her complaint against appellee Taylor Cooper for divorce. Service was had upon him, and on May 22, 1930, on agreement of parties, the court ordered him to pay to the clerk of the court the sum of $50.00 for attorney's fees for plaintiff's attorney. On June 14, 1930, the defendant was defaulted, and the prosecuting attorney filed an answer of general denial. The court having heard the evidence, wrote the following minutes in his bench docket:

"July 31, 1930. Evidence concluded. Finding for Plff. that alleg. of complt are true; that Plff. is entitled to a divorce from deft. Order for atty fees continued in force until discharged."

The order book entry as of that date is as follows:

"Come now the parties and this cause is now for trial submitted to the Court and the evidence is heard and the court finds for the plaintiff that the material allegations of her complaint are true, and that she is entitled to a divorce from said defendant on the grounds alleged in the complaint. The court orders that all orders heretofore made for the payment of suit and support money continue in full force and effect until the same has been discharged."

Immediately following said minute on the judge's docket, the judge wrote the following minute:

"December 22, 1930. It being shown to the satisfaction of the court that the plff is deceased, this cause is dismissed."

The order book entry of that date is in accordance with said minute.

Aletha Elva Cooper was in fact killed in an automobile accident on October 8, 1930. At the time of her death she was the holder of insurance policies payable

to her estate. Appellee Delaware County National Bank was appointed administrator of her estate, and as such administrator collected $4,815.79 on said policies.

Appellants are the father, sisters, and children of a deceased brother of said decedent.

On May 7, 1931, appellants instituted a suit against appellees praying "that plaintiffs be declared entitled to inherit in said estate in the shares provided by law to the exclusion of the defendant Cooper."

The complaint alleged that on July 31, 1930, when the court made said minute on his docket showing a finding by the court that the divorce should be granted, the court also made an "oral pronouncement of judgment in said divorce action."

The complaint prayed "that the alleged judgment of divorce be declared valid and legal . . ."

That suit was tried by the court, by a special judge, and a special finding of facts and conclusions of law having been requested, the court made its finding of facts and stated its conclusions of law on January 20, 1933. Plaintiffs filed a motion for new trial. This motion was overruled and judgment was rendered for defendant Cooper on May 17, 1933.

On April 27, 1933, about three months after the court filed its special finding of facts in said cause, appellants filed, in the divorce cause, "an application and motion . . . for an order vacating entry of dismissal and for judgment *nunc pro tunc* on finding" made by the court in said divorce cause on July 31, 1930.

A hearing was had upon appellants' said motion. Appellants introduced evidence to show that at the time the court made its minutes in the docket showing a finding that divorce should be granted that the court then said, "This divorce is granted . . . but judgment will not be entered until costs are paid." It was stipulated that

the costs were paid by appellant John E. Everhart, decedent's father, after decedent died.

Appellees introduced in evidence a certified transcript of the proceedings had in said other cause. The transcript showed that in that case the court specially found facts as to the divorce proceedings including the fact that there was a finding that divorce should be granted, and stated conclusions of law that appellee Cooper "is the surviving husband and widower of . . . Aletha Elva Cooper, deceased, and is entitled to inherit and participate as such in the estate of said decedent . . ."

In that case the court did not expressly find the fact as to whether or not a judgment had been "orally pronounced" in the divorce proceeding. In connection with that matter it might well be stated here that a failure to find that such judgment was "orally pronounced" was in effect a finding that it had not been "orally pronounced."

Some evidence was introduced which showed that after the court made its minutes as to the finding that a divorce should be granted that the court merely said the judgment would be *withheld* until costs would be paid.

The court having heard the evidence and argument of counsel, overruled appellants' motion to vacate said order of dismissal, and enter judgment *nunc pro tunc* in the divorce cause, whereupon appellants prayed and were granted an appeal to this court. All the alleged errors assigned and discussed in appellants' brief are in effect that the court erred in overruling said motion of appellants.

Appellants contend that the evidence shows conclusively that on July 31, 1930, the court made an "oral pronouncement" of judgment which constituted a valid

judgment of divorce, and therefore appellants' motion should have been sustained.

With reference to said contention we deem it sufficient to say that the evidence being in conflict as to whether the court actually "pronounced judgment" or whether the court merely stated what its judgment *would* be, it is not necessary that we determine whether or not an "oral pronouncement of a judgment for divorce" is a sufficient basis of itself for entry of judgment *nunc pro tunc;* and to say further that the evidence is sufficient to support a finding that the court, in the divorce proceeding, merely stated what his judgment *would* be. Therefore, assuming, but not deciding (a) that appellants were proper parties to file said motion to vacate the order of dismissal, and enter judgment *nunc pro tunc* in said divorce case, (b) that an "oral pronouncement of judgment granting divorce," *of itself,* is sufficient basis for an entry of judgment for divorce *nunc pro tunc,* after death of one of the parties to the divorce cause, which entry of judgment *nunc pro tunc* relates back to a time prior to the death of such party, we hold that the evidence does not conclusively show that the court made an "oral pronouncement of judgment granting divorce," and therefore appellants' contention must fail.

No reversible error having been shown, the judgment is affirmed.