IN THE MATTER OF THE ESTATE OF CLARENCE EMMONS, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued May 16, 1966—Decided May 27, 1966.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Solomon Friss* argued the cause for appellant, Virginia Fussner Emmons (*Mr. Patrick T. McGahn, Jr.,* attorney).

*Mr. H. Albert Hyett* argued the cause for respondent, Helen Emmons.

PER CURIAM. Virginia Fussner Emmons appeals from an order of the Atlantic County Court, Probate Division, setting aside her appointment as administratrix of the estate of Clarence Emmons. The estate is of slight monetary value and may even be insolvent but the issue involved is important to the parties and the legal question is novel.

Virginia married decedent on a Sunday, November 15, 1964. He died intestate on April 27, 1965. The trial judge

ruled that Virginia's marriage to decedent was not valid and for that reason she was not entitled to letters of administration as the surviving spouse. The rationale of this conclusion was that her divorce from her previous husband, Raymond Fussner, did not become final until Monday, November 16, 1964, when the Clerk of the Superior Court of New Jersey entered a final judgment of divorce in her favor. The judgment *nisi* of divorce had been entered on August 14, 1964.

The only question presented on this appeal is whether the marriage of a person is valid if entered into more than three months after entry of a judgment *nisi* of divorce in his favor but prior to the date upon which the final judgment of divorce is formally entered by the clerk of the court. We answer that question in the affirmative under the facts and circumstances herein.

*N. J. S.* 2A:34–19 provides:

"*A judgment nisi shall become final after the expiration of 3 months from the entry thereof,* unless an appeal or a proceeding for review has been taken and is pending, or unless the court before the expiration of such period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders." (Emphasis added)

None of the statutory contingencies precluding the finality of the divorce occurred in the instant case, so that Virginia's judgment *nisi* of divorce, entered on August 14, 1964, became final at the close of Saturday, November 14, 1964. Thus, by a literal reading of the statute, Virginia's marriage to Raymond Fussner terminated at midnight preceding Sunday, November 15, 1964, and she was free to marry at any time on Sunday or thereafter.

Significantly, *N. J. S.* 2A:34–19 does not require entry of a formal final judgment to make the judgment *nisi* final but declares that it *shall* become final after the expiration of 3 months from entry thereof, absent any of the contingencies specified. The predecessor statute, *R. S.* 2:50–30, required additionally that "at the expiration of three months, upon

application to the court by petitioner or counterclaimant, the final and absolute decree shall be entered, unless prior to that time cause be shown to the contrary."

R. R. 4:98–7 provides:

"In every action for absolute divorce or for nullity of marriage the final judgment shall be entered by the clerk, *as of course, immediately upon the expiration of 3 months from the entry of the judgment nisi,* * * *." (Emphasis added)

The omitted portion of the rule recites almost verbatim the same contingencies as in *N. J. S.* 2A:34–19, none of which is applicable herein. The only reasons why the clerk did not comply strictly with the mandate of this rule and "immediately" perform the purely ministerial function of entering final judgment are first, his office was closed on Sunday, November 15, 1964 and second, office business hours would not customarily commence in any event until 9 A. M. Hence, entry of the final judgment was deferred until Monday, November 16, 1964.

This delayed entry of the final judgment for one day is no valid reason for stamping as bigamous a marriage entered into by parties in good faith after having waited for the three months to expire from entry of the judgment *nisi*. Virginia and decedent cohabited as husband and wife after their marriage and until his death.

We do not have here a situation such as that in *Dacunzo v. Edgye,* 19 *N. J.* 443 (1955), where the woman to the marriage misrepresented to the marriage license clerk that she was single, the husband-to-be was unaware of her prior marriage, and she entered into the marriage one month and two days before her prior husband's judgment *nisi* of divorce became final. It was in the light of all those circumstances that the deceived husband was granted an annulment, the court stating that a judgment *nisi* "is a conditional judgment of divorce and the marital status remains in full vigor until the expiration of the three-month period and the entering of the final decree." *Id.,* at *p.* 449. In the instant case, Virginia

waited out the full three months after the judgment *nisi* and there is no evidence of deception or an absence of good faith.

In *Vogler v. Vogler,* 98 *N. J. Eq.* 421 (*Ch.* 1925), a husband received from his attorney a copy of the decree *nisi* and was informed that he was divorced but had to wait six months (the waiting period at that time between decree *nisi* and final decree) before he could marry again. Although the final decree had not been entered, he married again after the six months had elapsed, honestly believing that he had a right to do so. Some years later his first wife sued him for support. He moved for entry of the final decree *nunc pro tunc.* His motion was granted. When *Vogler* was decided, application by the petitioner for divorce for entry of the final decree was a procedural requirement. Yet, the court did not hesitate to cure the procedural deficiency in order to validate a marriage entered into in good faith after expiration of the required waiting period but before entry of the final decree. Here, under our present statute, a party obtaining a judgment *nisi* is not required to apply for entry of final judgment. The clerk enters it as a matter of course. Were it necessary, a *nunc pro tunc* order could be made herein directing the clerk to enter final judgment of divorce in Virginia's favor as of November 15, 1964. However, we do not deem such a course necessary.

See, too, *Hoyt v. Hoyt,* 98 *N. J. Eq.* 426, 428 (*Ch.* 1925), where entry of a final decree of divorce *nunc pro tunc* was allowed.

■ *R. R.* 1:27, here relied upon by respondent, is not applicable under these facts and circumstances. That rule is designed to permit the timely filing of pleadings, etc., on the first succeeding court day where the last day of a specified procedural time period happens to fall on a Saturday, Sunday, or legal holiday. The rule is not designed to destroy a substantive statutory right as would be its effect if mechanically applied in these circumstances. *Cf. Chester v. Department of Civil Service,* 90 *N. J. Super.* 176 (*App. Div.* 1966).

It is our determination that Virginia Fussner Emmons was the lawful wife of decedent at the time of his death and entitled to letters of administration authorizing her to administer his estate.

The judgment of the Atlantic County Court is reversed and the matter is remanded for the entry of an order cancelling the letters of administration issued to Helen Emmons and reinstating the original letters granted to Virginia Fussner Emmons and for such further relief as may be appropriate.