122 N.J. Super. 347 (1973)
300 A.2d 360
JOHN EMMET PARKER, PLAINTIFF,
v.
MARSHA JOYCE PARKER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 7, 1973.
Mr. Althear A. Lester for plaintiff (Messrs. Walls, Lester and Smith, attorneys).
Mr. John Cervase for defendant.
CONSODINE, J.S.C.
Plaintiff and defendant were granted separation divorces. Three weeks later plaintiff was killed in an occupational accident. No written judgment had been *348 entered. Plaintiff's attorney now seeks to enter judgment nunc pro tunc. Defendant denies the power of the court to enter such a written judgment.
At trial the court approved a written agreement between the parties by which plaintiff paid a gross sum of $1,000 to defendant in lieu of alimony. The agreement was dated several days prior to trial. By the date of trial the money had been paid.
For four years prior to the filing of the complaint plaintiff had been living in an acknowledged extramarital relationship to which two children were born. The underlying conflict is the right to administration of plaintiff's estate and various benefits that may accrue from his death.
Prior to the enactment of N.J.S.A. 2A:34-18 which eliminated judgment nisi from our divorce practice, a nisi could not be entered nunc pro tunc although a final judgment of divorce could. Vogler v. Vogler, 98 N.J. Eq. 421 (Ch. 1925); Hoyt v. Hoyt, 98 N.J. Eq. 426 (Ch. 1917) In these cases Chancellor Walker made it clear that the court was following the ancient practice in England as laid down in Cumber v. Wane, 1 Strange 426, 93 Eng. Rep. 613 (K.B. 1721). See also Estate of Emmons, 91 N.J. Super. 275 (App. Div. 1966).
The divorces were granted at the conclusion of the trial and are contained in the minutes of the court. This was the judicial act. The entry of a written judgment is a ministerial act by which evidence of the judicial act is recorded.
This is in accord with the general weight of authority. See Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804 (1900); State ex rel. Rogers v. Rankin, 154 Ohio St. 23, 93 N.E.2d 281 (Sup. Ct. 1950); Corbett v. Corbett, 113 Cal. App. 595, 298 P. 819 (App. Ct. 1931); Tikalsky v. Tikalsky, 166 Minn. 468, 208 N.W. 180 (Sup. Ct. 1926).
Entry of written judgment nunc pro tunc has been denied only where there is no evidence of an actual judgment previously rendered. See McKendree v. McKendree, 139 So.2d 173 (Fla. App. 1962); Everhart v. Cooper, 102 Ind. App. 1, *349 200 N.E. 705 (App. Ct. 1936); Heil v. Rogers, 329 S.W.2d 388 (Mo. App. 1959); Mohrmann v. Kob, 291 N.Y. 181, 51 N.E. 2d 921 (Ct. App. 1943).
Let the final judgment be entered nunc pro tunc the date of trial.