128 N.J. Super. 230 (1974)
319 A.2d 750
JOHN E. PARKER, PLAINTIFF-RESPONDENT,
v.
MARSHA J. PARKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1974.
Decided May 8, 1974.
*231 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Sam Weiss argued the cause for the appellant (Mr. John Cervase, attorney).
Mr. Althear A. Lester argued the cause for the respondent.
*232 The opinion of the court was delivered by HANDLER, J.A.D.
Each party sought a divorce based upon the 18-month provision of the Divorce Act. Several days before trial they entered into a property settlement agreement under which plaintiff was to pay defendant a gross sum of $1,000 in lieu of alimony. They also agreed that each would have the right to dispose of his or her personal and real property by last will and testament as if single. Apparently the money was paid at or about the trial date. At the trial the court approved the property settlement and plaintiff signed the agreement. Both plaintiff and defendant were granted separation divorces in accordance with their respective pleadings. The judge stated specifically, "I will grant a dual judgment of divorce to each against the other."
One week later plaintiff's attorney submitted a proposed form of the final judgment to defendant's attorney for consent as to form. The proposed judgment was not returned. Approximately two weeks later plaintiff was killed in an occupational accident. His attorney then brought a motion to enter the divorce judgment nunc pro tunc.
The court below, on the motion, entered the judgment nunc pro tunc. Its reasons are set forth in a written opinion appearing in Parker v. Parker, 122 N.J. Super. 347 (Ch. Div. 1973). In characterizing what transpired at the divorce trial, the judge stated (at 348): "The divorces were granted at the conclusion of the trial and are contained in the minutes of the court."
Defendant urges, however, that the entry of the judgment nunc pro tunc was improvident because the divorce action abated on the death of plaintiff, since the actual judgment of divorce had not been formally entered or filed and consequently there was no final judgment prior to plaintiff's death.
We disagree. It is clear that upon the close of the divorce trial the court made a definitive adjudication of the controversy, reflecting its conclusive determination that each party be granted a divorce. In this context, we subscribe to *233 the view that the entry of a written judgment is essentially a non-discretionary act by which evidence of the judicial act is recorded.
The former practice in divorce proceedings is instructive. Prior to the enactment of N.J.S.A. 2A:34-18, a judgment nisi was entered at the conclusion of the trial granting a divorce to either party. This was a conditional judgment of divorce which did not dissolve the marriage until the expiration of a three-month period after which a final judgment of divorce was entered. Loeb v. Loeb, 89 N.J. Super. 568, 574 (Ch. Div. 1965), mod'f. on other grounds 91 N.J. Super. 333 (App. Div. 1966), aff'd 50 N.J. 343 (1967); Dacunzo v. Edgye, 33 N.J. Super. 504, 513 (App. Div. 1955), aff'd 19 N.J. 443, 449 (1955). In such cases a final judgment of divorce could not be entered nunc pro tunc upon the death of a party prior to the expiration of the statutory waiting period, because the judgment nisi did not ripen into an absolute adjudication of divorce until the expiration of the prescribed time. Dunham v. Dunham, 82 N.J. Eq. 395 (Ch. 1913). In Vogler v. Vogler, 98 N.J. Eq. 421 (Ch 1925), and Hoyt v. Hoyt, 98 N.J. Eq. 426 (Ch. 1917), it was recognized that final judgments nunc pro tunc could properly be entered following the entry of a judgment nisi notwithstanding the death of a party after the expiration of the statutory waiting period, since the surviving party would have then been entitled to the entry of such a judgment had the decedent not died.
Defendant in this action is attempting to reap the benefits of her husband's death by alleging that the unfiled judgment of divorce was not a final judgment and, therefore, was not binding upon the parties thereto. As stated by the court below, "[t]he underlying conflict is the right to administration of plaintiff's estate and various benefits that may accrue from his death." Parker v. Parker, supra 122 N.J. Super. at 348. In essence, defendant is now trying to disavow her previous actions upon which plaintiff relied. She signed and agreed to a lump sum property settlement of $1,000, *234 which she received and utilized. She thus acknowledged the fact that the divorce was final and that she no longer had a claim to any of her husband's property. If plaintiff had not died, he would be entitled to have the written final judgment filed. Defendant should not be allowed to disclaim the finality of the divorce judgment after plaintiff's death when she would not have been allowed to do so if plaintiff were alive.
Affirmed.