189 N.J. Super. 253 (1983)
459 A.2d 1207
PATRICIA MAHONCHAK, PLAINTIFF-RESPONDENT,
v.
JOHN MAHONCHAK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 3, 1983.
Decided May 9, 1983.
*254 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Effron and Finnerty, for appellant (Michael N. Gordon on the brief).
No brief was filed on behalf of the respondent.
*255 PER CURIAM.
By this unopposed appeal[1] defendant John Mahonchak seeks relief from the unexplained refusal of the trial judge to enter the final judgment of divorce between the parties nunc pro tunc as of the date upon which the judgment was orally pronounced in open court and on the record.
This matter was heard by the trial judge on December 10, 1981. At that time the parties advised the judge that settlement had been reached between them on all financial and custody issues. Accordingly, the judge received evidence as to the cause of action and the terms and conditions of the settlement. Satisfied with the proofs, he granted plaintiff a judgment of divorce, incorporating those terms and conditions. It appears that defendant's attorney then advised the judge that it was in the parties' substantial financial interest, because of tax considerations, for the final judgment of divorce to be dated in calendar year 1981. He accordingly requested that if the form of judgment which he would submit could not "be entered by the end of the year ... I ask that it be entered nunc pro tunc because the judgment memorialized that they are divorced as of today." The judge neither denied nor granted the request, indicating only that he would in any event be available to sign the judgment.
The form of judgment was not, however, delivered to the judge until early 1982, the delay apparently attributable to the attorneys' efforts in reducing to mutually acceptable language the oral agreement which had been spread upon the record. Accordingly, it contained the nunc pro tunc proviso. The judgment was signed by the judge with several minor modifications as requested by plaintiff's attorney but, apparently on his own motion, he deleted the nunc pro tunc provision.
*256 In the absence of any explanation by the trial judge and based on what appears in the record, we are satisfied that there was no justification for his deletion of the nunc pro tunc provision. It is well settled that the oral pronouncement of a judgment in open court on the record constitutes the jural act and that the entry of the written judgment is merely a ministerial memorialization thereof. See Parker v. Parker, 128 N.J. Super. 230 (App.Div. 1974), affirming 122 N.J. Super. 347 (Law Div. 1973), in which Justice (then Judge) Handler explained that
It is clear that upon the close of the divorce trial the court made a definitive adjudication of the controversy, reflecting its conclusive determination that each party be granted a divorce. In this context, we subscribe to the view that the entry of a written judgment is essentially a non-discretionary act by which evidence of the judicial act is recorded. [at 232-233]
We are aware of the provision of R. 4:47 stating that the judgment shall not take effect before entry unless "the court in the judgment shall, for reasons specified therein, direct that it take effect from the time it is signed, provided that such direction shall not affect the lien or priority of the judgment." That rule addresses only the relationship between the signing of a judgment and its entry on the docket in the context of effective date. We do not, therefore, read it as in any way interdicting the signing of a judgment nunc pro tunc the day of its oral rendering or as overruling Parker v. Parker, supra. It might have been better practice for the reason for the nunc pro tunc entry to have been stated in the form of judgment. Nevertheless, it appears that there was good reason to do so in the parties' financial interest, no party objected, and no creditor or other third person would have been prejudiced thereby. Under these circumstances, a proper exercise of discretion dictated compliance with the parties' request since there was no reason for denying it.
We remand to the trial court for modification of the judgment of divorce by the reinsertion of the nunc pro tunc provision. In all other respects the judgment is affirmed.
NOTES
[1] In lieu of brief, plaintiff filed a letter with the court stating her intention not to otherwise participate in the appeal as she has no objection to the granting of the relief defendant seeks.