STANLEY W. JACHYM, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Jachym v. Commissioner
Docket No. 30147-82.
United States Tax Court
T.C. Memo 1984-181; 1984 Tax Ct. Memo LEXIS 495; 47 T.C.M. (CCH) 1486; T.C.M. (RIA) 84181; April 10, 1984. Stanley W. Jachym, pro se. Maureen C. Kopko, for the *497 respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION Drennen, Judge: This case was assigned to and heard by Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7456(c) and (d) of the Internal Revenue Code[1], General Order No. 8 (81 T.C. V) (July 1983) and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE Pate, Special Trial Judge: Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $8,106 and an addition to tax under section 6651(a)(1) of $335. After various concessions by respondent, the only issues remaining for decision are: (1) whether payments made pursuant to an oral agreement prior to the entry of a decree of divorce are deductible under section 215; (2) what is the controlling "date" for a decree of divorce in section 71(a)(1); and (3) *498 whether petitioner is entitled to a dependency deduction for his wife whom he divorced during the year in issue. Some of the facts have been stipulated and are found accordingly. At the time petitioner filed his petition in this case he was a resident of Allentown, Pennsylvania. Petitioner was married to Blanch Jachym (hereinafter "Blanch") on August 17, 1957. They had three children, two daughters and a son. Because of marital discord, petitioner moved out of their home on October 29, 1978. Thereafter, pursuant to an oral agreement between Blanch and himself, petitioner made support payments of $275 per week to Blanch. In May 1979, these payments were reduced to $225. Petitioner continued such payments through the end of the year. The parties had agreed that $125 per week was for the support and maintenance of Blanch and that the remainder was for the support of their children. On November 24, 1978, Blanch filed a "Complaint for Separate Maintenance" in the Superior Court of New Jersey. Petitioner counterclaimed on December 26, 1978. After further pleadings, petitioner appeared on September 12, 1979 as a defendant in a divorce action. The court entered a Judgment *499 of Divorce on September 21, 1979. Such judgment made no reference to prior support payments, but required petitioner to pay "the sum of $225.00 per week allocated $50.00 per week for the support and maintenance of each of the two children of the marriage in her custody, and $125.00 per week as alimony to the plaintiff." Neither petitioner nor Blanch remarried during 1979. Petitioner seeks to deduct $125 per week for the entire year 1979, a total of $6,500 as alimony. Respondent contends that the deduction is limited to $125 per week for the fifteen weeks following the issuance of the Judgment of Divorce on September 21, 1979, a total of $1,875. Section 71(a) [3] provides that if a wife is divorced or legally separated from her husband, payments made under a decree of divorce or written separation agreement for the wife's support and maintenance are includable in the income of the wife. [4] If the payments are includable in the wife's income under section 71, the husband is allowed a corresponding deduction under section 215. [5]
*500 Law in this area is well settled. Absent some written agreement or decree, the wife need not report payments made pursuant to an oral agreement as income pursuant to section 71(a). Since the deduction for alimony in section 215 is based upon the gross income required to be reported by the wife, having found that the corresponding income need not be reported, [6] we cannot allow such a deduction. Herring v. Commissioner,66 T.C. 308, 311 (1976); Clark v. Commissioner,40 T.C. 57, 58 (1963). Petitioner alternatively asserts that all payments made after September 12, 1979, the date upon which he appeared in the Superior Court of New Jersey as a defendant in the divorce proceedings, should be deductible as alimony. Respondent contends that the operative date is September 21, 1979, the date when the final judgment *501 of divorce was issued by the Superior Court. In New Jersey, a judgment takes effect when the court has authorized it and the clerk of the court has entered it. R.4:47(b) N.J. Court Rules, 1969. However, the rule does not prevent a judgment orally pronounced in open court from having the effect of a final judgment. Mahonchak v. Mahonchak,189 N.J. Super. 253, 459 A.2d 1207 (1983). See also, Parker v. Parker,128 N.J. Super. 230, 319 A.2d 750 (1974). But since petitioner has not produced any evidence indicating that an oral judgment of divorce was granted prior to September 21, 1979, we find that petitioner may only deduct alimony payments made after that date. Petitioner's final contention is that he should be permitted an exemption for Blanch, either as a spouse under section 151(b) or as a dependent under section 151(e). First, the statutory provisions of the Code operate to deny the petitioner an exemption for Blanch as his spouse. Although section 151(b) allows a taxpayer an exemption for a "spouse" under certain conditions, [7] petitioner fails to meet the requirements implicit in the statute's use of the word "spouse." For purposes of *502 section 151(b), "the determination of whether an individual is married shall be made as of the close of his taxable year." Section 143(a). Since petitioner and Blanch were divorced before the end of his taxable year, she does not qualify as his "spouse" under section 151(b). Next, petitioner asserts that he is entitled to an exemption for Blanch as a dependent under section 151(e). To qualify as a "dependent", the individual must meet the definitional requirements of section 152(a). [8] A survey of that section shows that the only possible provision which might apply in this case is section 152(a)(9). However, the parenthetical phrase contained therein excludes "an individual who at any time during the taxable year was the spouse * * * of the taxpayer." Since Blanch was petitioner's spouse until September, she does not *503 qualify as petitioner's dependent for 1979. [9]Hamilton v. Commissioner,68 T.C. 603 (1977); Dewsbury v. United States,146 F. Supp. 467 (Ct. Cl. 1956). *504 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All references to "Rules" are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Section 71 provides, in part: (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.-- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) WRITTEN SEPARATION AGREEMENT.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) DECREE FOR SUPPORT.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance.↩ This paragraph shall not apply if the husband and wife make a single return jointly. (Emphasis added.) 4. The terms "wife" and "husband" are used merely to conform with the language of the statute. It is clear that the provisions apply equally to the payor or payee-spouse regardless of sex. Section 7701(a)(17). ↩
5. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) GENERAL RULE.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *↩
6. Although we are moved by petitioner's argument that all parties involved intended the payments to be deductible and that his actions were taken pursuant to the advice of counsel, this Court has no authority to expand the clear meaning of the applicable statutes. See Donigan v. Commissioner,68 T.C. 632, 636↩ (1977).
7. Section 151(b) allows: "An exemption of $1,000 for the taxpayer; and an additional exemption of $1,000 for the spouse of the taxpayer if a joint return is not made by the taxpayer and his spouse, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not t he dependent of another taxpayer."↩
8. Section 152(a) states that: * * *.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (1) A son or daughter of the taxpayer, or a descendant of either, (2) A stepson or stepdaughter of the taxpayer, (3) A brother, sister, stepbrother, or stepsister of the taxpayer, (4) The father or mother of the taxpayer, or an ancestor of either, (5) A stepfather or stepmother of the taxpayer, (6) A son or daughter of a brother or sister of the taxpayer, (7) A brother or sister of the father or mother of the taxpayer, (8) A son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer, or (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 143, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household. ↩
9. We note that petitioner admits that Blanch was not a member of his household for the year which also would disqualify her as a dependent under section 152(a)(9). Section 1.152-1(b), Income Tax Regs.; Trowbridge v. Commissioner,268 F.2d 208 (9th Cir. 1959), affg. 30 T.C. 879 (1958); McMillan v. Commissioner,31 T.C. 1143, 1145-1146↩ (1959).